Daniel, Judge,
after stating the case as above, proceeded: It has been'contended here, with much earnestness, that the Judge erred in this instruction; for, that the jury might legitimately have inferred that there was but one note, from the concluding clause of the deed, the situation of the parties, and the failure of the plaintiff to shew that there were two notes; and that the jury might have inferred that the one now sued on, was the note intended by the parties to be included in the deed. We think that there was no error in the instruction; for certainly the deed, per se, shews no mistake, and no extrinsic evidence could have been received at law to shew a mistake. The deed transfers property to the plaintiff in trust, to pay a note particularly described as being for •$500. There is no ambiguity or uncertainty in the description. Can the defendant, at law, be permitted to substitute another note of $430, and thus contradict the deed? In the construction of deeds, the first rule is, that the intention of the parties is, if possible, to be supported; and the second rule is, that this intention is to be ascertained by the deed self; that is, from all parts of it taken together. In general, no expression can be contradicted or explained by extrinsic evidence; and the intention collected from, the four corners the deed, is to govern the construction ot every passage m it. Touch. 87. Burton on Real Property, 164, 165. The clause in the deed, directing the trustee (who was holder of bill,) to pay the balance of the money, if any, to Belt, the maker, and the man primarily liable on it, shews only that this •note was not thereby secured. But omissions cannot be supplied from arbitrary conjecture, though founded upon the highest degree of probability. Chapman vs. Brown, 3 Bur. Rep. 1627. 3 Atk. 136. Andrew vs. Ward, 1 Russ. Rep. 260, 279. The deed did not evidence, in any way in which we legally can take it, that the plaintiff had received *208 ty and motley in trust to pay this bill of $430 and interest The judgment must be affirmed.
Per Curiam. Judgment affirmed.